1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11
12  Medtronic Minimed Inc.;      )   CV 12-04471 RSWL (RZx)
    Medtronic Puerto Rico        )
13  Operations Co.; Minimed      )   **ORDER RE: DEFENDANT'S**
    Distribution Corp.           )   **MOTION TO BIFURCATE**
14                               )   **LIABILITY AND DAMAGES**
                                 )   **[32]**
15                 Plaintiffs,   )
                                 )
16       v.                      )
                                 )
17                               )
    Animas Corporation,          )
18                               )
                                 )
19                 Defendant.    )
                                 )
20                               )
                                 )
21                               )
                                 )
22  _____  )

23       Currently before the Court is Defendant Animas

24  Corporation's ("Defendant") Motion to Bifurcate

25  Liability and Damages [32].  The Court, having reviewed

26  all papers and arguments submitted pertaining to this

27  Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court

28  **DENIES** Defendant's Motion.

                                1

# I. BACKGROUND

This Motion stems from an Action filed by Plaintiffs Medtronic Minimed Inc., Medtronic Puerto Rico Operations Co., and Minimed Distribution Corp. (collectively "Plaintiffs") against Defendant for infringement of nine patents involving infusion pumps for the treatment of diabetes.  Defendant currently moves to bifurcate liability from damages and to stay damages discovery until liability has been determined at trial [32].

# II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), a court may order a separate trial of one or more separate issues for the sake of "convenience, to avoid prejudice, or to expedite and economize."  The moving party carries the burden of proving that bifurcation is warranted in a particular case, GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC, No. C 09-01484 SI, 2010 WL 1729400, at *2 (N.D. Cal. Apr. 27, 2010).  In determining whether bifurcation is warranted, courts look to whether bifurcation will promote "efficient judicial administration," Pinal Creek Grp. v. Newmont Mining Corp., 218 F.R.D. 652, 654 (D. Ariz. 2003) (citing Stoddard v. Ling-Temco-Vought, Inc., 513 F. Supp. 314, 327 (C.D. Cal. 1980)), considering such factors as convenience, prejudice to the parties, simplification of discovery and conservation of resources, risk of jury confusion, and separability of

the issues.  See <u>Mformation Techs., Inc. v. Research in</u>
<u>Motion Ltd.</u>, No. C 08-04990 JW, 2012 WL 1142537, at *1
(N.D. Cal. March 29, 2012); Schwarzer, Tashima &
Wagstaffe, <u>Federal Civil Procedure Before Trial</u> §
16:160.4 (2012).  "Bifurcation is particularly
appropriate when resolution of a claim or issue might
dispose of the entire case."  <u>Renfrow v. Redwood Fire &</u>
<u>Cas. Ins. Co.</u>, 288 F.R.D. 514, 523 (D. Nev. 2013).  In
light of such considerations, a court has "discretion
to subdivide the case in whatever manner seems dictated
by the circumstances."  <u>Rivera v. Nibco, Inc.</u>, No. CIV-
F-99-6443 AWISMS, 2006 WL 845925, at *5 (E.D. Cal. Mar.
31, 2006) (quoting Wright & Miller, 9 <u>Federal Practice</u>
<u>and Procedure</u> § 2389 (2d ed. 1995)).

### III. ANALYSIS

The Federal Rules of Civil Procedure give district
courts broad discretion in deciding whether to
bifurcate a trial.  <u>Zivkovic v. S. Cal. Edison Co.</u>, 302
F.3d 1080, 1088 (9th Cir. 2002) (citing Fed. R. Civ. P.
42(b)).  In determining whether bifurcation of damages
is appropriate, the Court keeps in mind that
bifurcation "is the exception rather than the rule of
normal trial procedure" within the Ninth Circuit.
<u>Clark v. I.R.S.</u>, 772 F. Supp. 2d 1265, 1269 (D. Haw.
2009) (citing <u>Hangarter v. Provident Life & Accident</u>
<u>Ins. Co.</u>, 373 F.3d 998, 1021 (9th Cir. 2004)).  As
noted by Plaintiffs, bifurcation of a trial generally
depends on the actual issues that will be tried.  See

1   Opp'n 15:14.   Given that the Parties are in the middle

2   of discovery, the final pretrial conference is one year

3   away, and the full scope of triable claims and defenses

4   has yet to be determined, the Court finds that

5   bifurcating trial at this stage of litigation would be

6   premature.   Accordingly, the Court **DENIES** Defendant's

7   current requests for the Court to bifurcate damages and

8   stay damages discovery.

9                    **IV. CONCLUSION**

10      Based on the foregoing analysis, the Court **DENIES**

11   Defendant's Motion to Bifurcate Liability and Damages.

12   This Order does not preclude Defendant from raising

13   anew its request for bifurcation of damages at a more

14   timely point in the future.   See L.R. 16-4.3.

15

16

17   **IT IS SO ORDERED.**

18   DATED: June 25, 2013

19

20              RONALD S.W. LEW

21              **HONORABLE RONALD S.W. LEW**
                Senior, U.S. District Court Judge

22

23

24

25

26

27

28