Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
Alexander F. MacKinnon (S.B.N. 146883)
alexander.mackinnon@kirkland.com
Erin C. Kolter (S.B.N. 261452)
erin.kolter@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

Attorneys for Plaintiffs

David T. Pritikin (pro hac vice)
dpritikin@sidley.com
Hugh Abrams (pro hac vice)
habrams@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone:   (312) 853-7000
Facsimile:   (312) 853-7036

Theodore W. Chandler
tchandler@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, California  90013-3000
Telephone:   (213) 896-5830
Facsimile:   (213) 896-6600

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC MINIMED INC.;<br>MEDTRONIC PUERTO RICO<br>OPERATIONS CO.; MINIMED<br>DISTRIBUTION CORP.,<br><br>       *Plaintiffs*,<br><br>   vs.<br><br>ANIMAS CORPORATION,<br><br>       *Defendant*. | No. 2:12-cv-04471-RSWL-RZx<br><br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

Based on the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. <u>Purposes and Limitations:</u>

Documents and things have been requested in discovery in this patent infringement action that could reveal highly sensitive and confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulated to and petitioned the court to enter this Protective Order.

The parties acknowledge that neither their stipulation nor this Protective Order confers blanket protections on all disclosures or responses to discovery and that the protections it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledged, as set forth in Paragraph 10, below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

<u>Good Cause Statement:</u>

The parties in this case are competitors in the design, manufacture, and sale of insulin infusion pumps for the treatment of diabetes, among other things. Because of the parties' status as competitors, confidential business information such as sensitive sales and other financial information, sensitive market studies and strategy information, sensitive information regarding the design, structure, function, method of operation, and manufacture of the parties' products, materials that may qualify as trade secrets under California Civil Code § 3426.1, and other sensitive proprietary information that has not been disseminated to the public, and that must necessarily be protected from disclosure to opposing parties and/or other competitors to avoid significant competitive harm.

2

This is a patent infringement action.  MiniMed asserts that Animas infringes the patents-in-suit, and Animas denies infringement and asserts that the patents-in-suit are invalid, among other defenses.  Resolution of these issues and any associated damages analysis necessarily requires evidence of, at a minimum, sales and other financial information, design and manufacturing information, product specifications, cost information, and marketing information or research, to be disclosed, at minimum, to opposing counsel.  This Protective Order is directed to allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties.

Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential research, development, or commercial information is a proper basis for the issuance of a protective order.  The party seeking such an order must demonstrate a particular and specific need for the protective order.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, such as confidential business information, where disclosure is "likely to cause serious harm," is supported by good cause.  *H.L. Hayden Co. of NY, Inc. v. Siemens Med. Sys., Inc.*, 106 F.R.D. 551, 556 (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, such as by designating certain classes or types of information.  *Id.* at 557.

~~A "blanket" protective order, as opposed to a broader "umbrella" protective order, permits parties to protect documents that they in good faith believe contain confidential commercial information or information otherwise entitled to protection. Such protective orders are routinely agreed to by the parties and approved by the courts in civil cases.  *Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 386 (D. Col. 2000).~~

As direct competitors, the parties' proposed protective order was drafted by

3

the parties specifically to protect the disclosure of each party's commercially sensitive product development and sales and other financial information and other confidential business information, as set forth above and below.

Confidential information under this agreement is specifically defined below. Such information, under the protective order, may be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or RESTRICTED HIGHLY CONFIDENTIAL - SOURCE CODE, and is open to challenge by either party (see Paragraph 12 below). Additionally, the parties shall be diligent in designating as CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or RESTRICTED HIGHLY CONFIDENTIAL - SOURCE CODE only that information which the parties in good faith believe require such a designation.

The kinds of documents, things, and information entitled to protection under this Protective Order are:

> sales and revenues; marketing and promotional expenses; cost of goods sold; profits; market studies; business plans; business projections; costs for product research, development, and implementation; price lists; price comparisons; customer information; distributor information; purchase orders and invoices; market analyses; manufacturing information, including the identity of any product manufacturer; strategic plans; operating plans; marketing plans; financial plans; production plans; sales plans; capital and investment plans; product specifications and design documents; information related to product research, design, and development; source code; manufacturing and technical know-how; literature, catalogues, and brochures not generally available to the public; communications with tax consultants, accountants, financial advisors, and insurance representatives; intracompany communications on subjects otherwise mentioned in this paragraph; settlement agreements having a confidentiality provision; settlement negotiations; organizational structures not generally known to the public and maintained as trade secrets; and confidential agreements, including license and employment agreements.

Accordingly, good cause is shown to protect the parties' confidential business

4

information.  *See, e.g.*, *Exhart Envtl. Sys., Inc. v. Bel Air Lighting, Inc.*, No. 12-9471 GW (RZx), ECF no. 33 (C.D. Cal. Apr. 9, 2013) (entering protective order where, in the proposed order, the parties had shown, *inter alia*, that they were competitors in the same business, that the parties' respective confidential information may qualify as trade secrets under California law, and that specific categories of documents likely to be exchanged or produced in the case therefore required protection under the terms of the proposed order so as to avoid significant competitive harm); *Ventana Sales Design and Mfg., Inc. v. Newell Window Furnishings, Inc.*, No. 12-4279 R (RZx), 2012 U.S. Dist. LEXIS 171356 (C.D. Cal. Dec. 3, 2012) (same).

   2. <u>Designation of Protected Litigation Material:</u>

   a. Any party or third-party to this action who produces or discloses confidential or proprietary information in this action ("Producing Party") to another party to this action ("Receiving Party") shall have the right to designate as "CONFIDENTIAL" and subject to this Order any information, document, or thing, or portion of any document or thing `from the list in Paragraph 1 above` that:  (a) contains competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third parties; ~~or (d) the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.~~

   b. Any Producing Party shall have the right to designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and subject to this Order any information, document, or thing, or portion of any document or thing `from the list in Paragraph 1 above` that contains trade secrets or highly sensitive business, personal or technical information, including but not limited to patent prosecution sensitive materials, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.  The following are sample categories of materials qualifying for the "HIGHLY

5

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation: documents that describe the structure and/or operation of a Producing Party's product at issue in this action, including engineering drawings and technical descriptions; financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, return on investment, capital expenditures; customer lists; business strategy or marketing plans; price lists and/or pricing information; and, budgets, forecasts and projections.

   c. To the extent that it becomes necessary in this litigation for a Producing Party to produce documents that describe or contain aspects of source code, a Producing Party shall have the right to designate as "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" and subject to this Order any information, document, or thing, or portion of any document or thing that constitutes, contains, embodies or otherwise reflects the Producing Party's computer source code and/or associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs.

   3. <u>Labeling of Protected Litigation Material:</u>

   a. Any Producing Party who produces or discloses any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" material (collectively "Protected Litigation Material"), including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the designation, where practical, by marking each page of a document, each separate part or component of a thing or each separate item of other information, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE," as appropriate.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.  If confidential

information exists that cannot be conveniently designated pursuant to this Order, such information shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.  This designation is sufficient to entitle said information to the same confidential treatment as if the information was designated as above.

b.     Any party may designate any or all portions of depositions taken pursuant to this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within thirty (30) calendar days of receiving the final transcript of the deposition.  All deposition transcripts not previously designated shall be deemed to be, and shall be treated as if designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," for a period of thirty (30) calendar days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4(b).

c.     Notwithstanding the obligations to timely designate Protected Litigation Material, the inadvertent or unintentional failure to designate specific produced material as Protected Litigation Material shall not be deemed a waiver in whole or in part of the claim of confidentiality.  Upon notice to the Receiving Party of such failure to designate, all parties shall cooperate to restore the appropriate level of confidentiality to the inadvertently or unintentionally disclosed Protected Litigation Material.  No party shall be held in breach of this Order if, prior to notification of such later designation, such Protected Litigation Material had been disclosed or used in a manner inconsistent with such later designation.  The Producing Party shall provide substitute copies bearing the corrected designations.  Upon receipt of such substitute copies, the Receiving Party shall certify the destruction of the undesignated or improperly designated Protected Litigation Material.

4.      <u>Disclosure and Use of Protected Litigation Material:</u>

a.      Protected Litigation Material designated as CONFIDENTIAL may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

(i)     outside counsel of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators, jury consultants and others performing services in conjunction with this litigation;

(ii)    Andy Horstman, Vice President and Senior Legal Counsel, Intellectual Property Litigation, for Medtronic, Eric Geismar, Vice President and Chief Counsel for Medtronic Diabetes, Ajit Narang, Senior Legal Counsel for Medtronic Diabetes, and for Animas: Phil Johnson, Senior Vice President & Chief Intellectual Property Counsel, Law Department of Johnson & Johnson; and Paul Coletti, Associate Patent Counsel, Law Department of Johnson & Johnson;

(iii)   outside experts and consultants, including jury consultants, and their staff retained to assist the parties in the conduct of this action and who have each executed and provided to counsel for the opposing party an executed Confidentiality Declaration in the form attached hereto as Exhibit A and submitted the additional information required by Paragraph 6;

(iv)    the creator(s), author(s), or prior recipient(s) of a document containing information designated as CONFIDENTIAL, provided it is established in the document or by agreement of the parties that the person is an author or prior recipient of the document.  The information designated CONFIDENTIAL that is disclosed, given, shown, made available, or communicated to persons pursuant to this subparagraph is limited to the CONFIDENTIAL information that is contained in the document in which that person has been identified as an author or prior recipient;

(v)     the Court, Court personnel, and Official Court reporters to the extent that

CONFIDENTIAL information is disclosed at a deposition or court session which such reporter is transcribing; and

(vi)    Any other person with the prior written consent of the Producing Party.

b.    Protected Litigation Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

(i)    outside counsel of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators, jury consultants and others performing services in conjunction with this litigation;

(ii)    Andy Horstman, Vice President and Senior Legal Counsel, Intellectual Property Litigation, for Medtronic; Eric Harris, Assistant General Counsel - Antitrust, Johnson & Johnson, for Animas;

(iii)    outside experts and consultants, including jury consultants, and their staff retained to assist the parties in the conduct of this action and who have each executed and provided to counsel for the opposing party an executed Confidentiality Declaration in the form attached hereto as Exhibit A and submitted the additional information required by Paragraph 6;

(iv)    the creator(s), author(s), or prior recipient(s) of a document containing information designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, provided it is established in the document or by agreement of the parties that the person is an author or prior recipient of the document.  The information designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY that is disclosed, given, shown, made available, or communicated to persons pursuant to this subparagraph is limited to the HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material that is contained in the document in which that person has been identified as an author or prior recipient;

(v)     the Court, Court personnel, and Official Court reporters to the extent that HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is disclosed at a deposition or court session which such reporter is transcribing; and

(vi)    Any other person with the prior written consent of the Producing Party.

c.      To the extent production of RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE becomes necessary in this litigation, it may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information may be disclosed.  The parties do not presently contemplate making source code available for inspection and review.  In the event the parties need to provide access to source code, any such access will be governed by a separate agreement to be negotiated by the parties and submitted to the Court for approval. The parties presently contemplate the production of documents that make reference to source code, including written portions of code that are included as part of other documents such as software design documentation, software architecture documentation and technical descriptions.  Such documents will be marked RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE in accordance with this Order.

d.      The parties do not anticipate that this case will require the production or disclosure of Protected Health Information, as defined in the Health Insurance Portability and Accountability Act ("HIPAA").  Protected Health Information is "any information, whether oral or recorded in any form or medium" that is "created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse," and "[r]elates to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. 160.103.  If Protected Heath Information is produced or otherwise disclosed, pursuant to this Order, all parties are:

(i)     Prohibited from using or disclosing Protected Health Information for any

10

purpose other than the litigation or proceeding for which such information was requested, as required by section 164.512(e)(1)(v)(A) of HIPAA; and

(ii)    Required to return to the Producing Party or destroy the Protected Health Information (including all copies made) at the end of the litigation or proceeding, as required by section 164.512(e)(1)(v)(B) of HIPAA.

e.    This Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of its own Protected Litigation Material.

f.    This Order shall not restrict any attorney who is a qualified recipient under the terms set forth herein from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Protected Litigation Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Litigation Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

5.    <u>Notice and Acknowledgement of Order:</u>

a.    Every person to whom Protected Litigation Material is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

b.    The outside experts/consultants who are qualified recipients under the terms of Paragraph 4(a)(iii) and Paragraph 4(b)(iii), to whom disclosure of Protected Litigation Material is intended, shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

6.    <u>Notification of Intent to Disclose and Objections:</u>

a.    Before a party may disclose another party's Protected Litigation Material to the outside experts/consultants who are qualified recipients under the terms of

11

Paragraph 4(a)(iii) and Paragraph 4(b)(iii), that party shall, prior to such disclosure, notify the Producing Party in writing of its intent to disclose Protected Litigation Material.  Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed.  Such notification shall include a curriculum vitae (or resume) of the expert/consultant; an identification of any past or present consulting relationship or employment affiliation with any Party, any related company or any company whose business relates or is related to treatment of diabetes, and an identification of the subject matter of any work performed in the course of such relationship; and, a description of the expert's/consultant's employment or consulting during the past four (4) calendar years, including the name and address of each person or entity who employed or used the services of the expert/consultant and an identification of the subject matter of any work performed in the course of such employment or consulting. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 5(b) of this Order.

      b.     If a Producing Party receives a notification of intent to disclose Protected Litigation Material pursuant to paragraph 6(a) and believes in good faith that such disclosure would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall include the basis for the objection and shall be delivered within five (5) business days of receipt of the notification of intent to disclose to which objection is made.  The parties shall attempt in good faith to resolve the disclosure dispute and no such disclosure of Protected Litigation Material shall be made to that person without prior approval of the Court or the objecting party or waiver of the objection as set forth below.  Any objection shall be in writing and state with particularity the basis for the objection.  The objecting party shall have the ultimate burden of showing why that person should not have access to Protected Litigation Material and shall have the initial burden of moving the Court (within ten (10) calendar days of serving its written

objections on the opposing party by facsimile or email) to preclude disclosure of Protected Litigation Material to such person.  If no application is made to the Court within this ten (10) calendar day period, the objection is waived.  Pending resolution of any such motion, no disclosure of Protected Litigation Material shall be made to that person.

       7.    <u>Examination of Witnesses:</u>

       a.    Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any Protected Litigation Material of such party.

       b.    Any other person may be examined as a witness at trial or upon deposition concerning any Protected Litigation Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.  Such witness may also be shown such Protected Litigation Material during examination or preparation therefor.

       8.    <u>Inadvertent Production of Privileged Information:</u>

       a.    If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled, provided that the Producing Party promptly notifies the Receiving Party in writing of such inadvertent production after the Producing Party discovers such inadvertent production.

       b.    If a written claim of inadvertent production is made pursuant to paragraph 8(a), with respect to information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof of which the Receiving Party is aware in whatever form these materials exist, subject to the following exception:  (i) the Receiving Party may retain one copy of any document claimed to

13

be subject to the applicable privilege or immunity for use in connection with a motion to the Court to challenge the assertion of privilege or inadvertent disclosure of such document, but may not submit it for in camera review except at the Court's request. Such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

c. The Receiving Party must give the Producing Party written notice that it objects to the assertion of privilege or inadvertent disclosure within five (5) business days of receiving notice of the written claim of inadvertent production from the Producing Party. If the motion referred to in paragraph 8(b) is not served or filed within ten (10) calendar days after the Receiving Party has given the Producing Party written notice that it objects to the assertion of privilege or inadvertent disclosure, then the Receiving Party waives its right to make such motion, and the document must be destroyed or returned. Notwithstanding the exceptions set forth in paragraph 8(b), the Receiving Party shall certify to the Producing Party that the document claimed to be subject to the applicable privilege or immunity has been destroyed or returned. Such return shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to the claimed privileges or immunity.

9. <u>Obligations of Outside Counsel:</u> It shall be the responsibility of outside counsel, the outside law firms who are counsel of record for the respective parties herein, to ensure strict compliance with the provisions of this Protective Order in their dealings with Protected Litigation Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Protected Litigation Material as provided herein. All persons responsible for determining that materials contain Protected Litigation Material shall be familiar with this Protective Order and the scope of its protection. All Protected Litigation Material including any and all copies thereof shall be kept by outside counsel in a way so as to maintain confidentiality, and all CONFIDENTIAL material including any and all copies thereof

14

shall be kept by in-house counsel only at the legal department of the Receiving Party in an area separate from and inaccessible to any person not authorized access to such CONFIDENTIAL material under the terms of this Protective Order.

10.     Pleadings:  All papers, documents and transcripts containing or revealing the substance of Protected Litigation Material shall be filed under seal ~~pursuant to~~ `if permission is granted in accordance with the` applicable Local Rules.

11.     Conclusion of the Action:  Within sixty (60) calendar days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's Protected Litigation Material shall destroy such Protected Litigation Material.  Each party shall give written notice of such destruction to outside counsel for the Producing Party.  However, trial counsel may retain one copy of all pleadings or other papers filed with the Court for archival purposes.  Further, trial counsel may maintain one copy of all attorney correspondence and consultant work product, deposition testimony and deposition exhibits containing Protected Litigation Material, and the trial record, in such a way as to maintain confidentiality.

12.     Contested Designations:  A party shall not be obligated to challenge the propriety of designating any Protected Litigation Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Protected Litigation Material, the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party, within thirty (30) calendar days after making its objection, may seek appropriate relief from the Court, and the party seeking to challenge the designation shall have the burden of proving that the designated

15

information is not designated appropriately as Protected Litigation Material.  If the objecting party fails to move for relief within the time period specified in this paragraph, that party waives its right to assert that the designated material does not constitute or contain Protected Litigation Material within the scope of this Protective Order.

13.    Although Protected Litigation Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Protected Litigation Material protected hereunder if it is demonstrated that such information either:

a.    is in the public domain at the time of disclosure;

b.    becomes part of the public domain other than as a result of disclosure by the Receiving Party; or

c.    is information the Requesting Party can show was or is in its legitimate possession independently of the Producing Party.

14.    Protected Litigation Material obtained from a Producing Party under the terms of this Order may be used and disclosed only for purposes of this case and any appeal of this case.  No party or person shall make any other use of any such Protected Litigation Material, including but not limited to, use for commercialization or competitive purposes or use in any other legal or administrative proceeding, except as permitted by order of the Court.

15.    Non-waiver:  The production of Protected Litigation Material by a party under the terms of this Order and in response to a request by the opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy, or admissibility of said materials.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.

16.    Additional Parties:  If an additional party joins or is joined in this action, the newly joined party shall not have access to Protected Litigation Material until all parties enter into a Supplemental Protective Order governing the protection of such

16

information.

17. <u>Third Parties:</u>  If a third party provides discovery to any party in the above-captioned case, such third party may adopt the terms of this Protective Order with regard to the production of Protected Litigation Material by executing and serving upon all counsel of record for the parties in the above-captioned case a Notice of Election to Adopt Stipulated Protective Order ("Notice of Election") in the form attached hereto as Exhibit B.  In the event of such election, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party to this litigation.  Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this litigation.

18. <u>Attendance At Proceedings:</u>  This Protective Order applies to the pre-trial phase of this action. ~~and any hearings or preliminary injunction proceedings held before a final trial on the merits~~.  If a deposition concerns Protected Litigation Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized to have access to such material.  ~~Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Protected Litigation Material at trial, and shall submit such agreement or proposals to the Court for consideration.~~ This order shall not govern in connection with dispositive motions or at trial.  Any party desiring protection of materials to be used in connection with those proceedings must apply separately  to the judicial officer who will preside at those proceedings.

19. <u>Unauthorized Disclosure:</u>  In the event of disclosure of any Protected Litigation Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall (i) use its best efforts to obtain the return of any such Protected Litigation

17

Material and to bind such persons to the terms of this Protective Order; (ii) within two (2) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person to the Producing Party; and (iii) request such person to execute the Confidentiality Declaration in the form attached hereto as Exhibit A.  The executed Confidentiality Declaration shall be served upon counsel of record for the producing party within five (5) business days of its execution by the party to whom Protected Litigation Material was disclosed.

20.  <u>Termination Of Access:</u>

a.  In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Protected Litigation Material shall terminate, and all copies thereof shall be destroyed in accordance with the terms of Paragraph 11 hereof, except that such destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

b.  The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Litigation Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

21.  <u>Modification:</u>  This Protective Order may be modified by written stipulation of the parties without further order of the Court, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

Dated: July 8, 2013

_____

RALPH ZAREFSKY

U.S. MAGISTRATE JUDGE

18

1

2

## **EXHIBIT A**

3

4

## **UNITED STATES DISTRICT COURT**

## **CENTRAL DISTRICT OF CALIFORNIA**

5

6

7

8

9

10

11

12

MEDTRONIC MINIMED INC.;
MEDTRONIC PUERTO RICO
OPERATIONS CO.; MINIMED
DISTRIBUTION CORP.,

        *Plaintiffs*,

    vs.

ANIMAS CORPORATION,

        *Defendant*.

No. 2:12-cv-04471-RSWL-RZx


**DECLARATION AND
AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

13

14

## **DECLARATION AND AGREEMENT**
## **TO BE BOUND BY PROTECTIVE ORDER**

15

    I, _____ , declare that:

16

17

18

    1.    I have read the foregoing Protective Order entered as an Order of the United States District Court for the Central District of California, in the above-captioned action.

19

20

21

    2.    My present employer is _____ and the address of my present employer is _____.  My present occupation or job description is _____.

22

    3.    I understand and agree to be bound by the terms of this Protective Order.

23

24

25

    4.    I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action, any Protected Litigation Material disclosed to me.

26

27

28

    5.    I will return all Protected Litigation Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or that have been retained by said

28

party, when requested to do so by that counsel.

      6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.


_____

(Signature)

_____

(Printed Name)

_____

(Date)

1
2

# EXHIBIT B

3
4
5

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12

MEDTRONIC MINIMED INC.;
MEDTRONIC PUERTO RICO
OPERATIONS CO.; MINIMED
DISTRIBUTION CORP.,

      *Plaintiffs*,

  vs.

ANIMAS CORPORATION,

      *Defendant*.

No. 2:12-cv-04471-RSWL-RZx

**NOTICE OF ELECTION TO
ADOPT STIPULATED
PROTECTIVE ORDER**

13
14

## NOTICE OF ELECTION TO ADOPT
## STIPULATED PROTECTIVE ORDER

15
16
17
18

    1.     I, _____ , a non-party to the above-captioned litigation, have been requested and/or subpoenaed by a party to produce materials or provide information containing Protected Litigation Material in connection with the above-captioned litigation.

19
20

    2.     I hereby elect to adopt the terms of the Stipulated Protective Order with regard to its terms concerning the production of Protected Litigation Material.

21
22
23
24

    3.     The provisions of the Protective Order shall apply to written discovery and testimony produced by _____ as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.

25
26
27
28

28

_____

(Name)

_____

(Title)

_____

(Date)

PROTECTIVE ORDER